UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| **GARY WILLIAM STOCKING** | |
| | PRISONER CASE NO. |
| v. | 3:12-cv-124 (VLB) |
| | |
| **JOHN DOE, ET AL.** | July 20, 2012 |

## RULING AND ORDER

The petitioner, Gary W. Stocking, currently confined at the Carl Robinson Correctional Institution in Enfield, Connecticut, commenced this action for writ of habeas corpus *pro se* pursuant to 28 U.S.C. § 2254.  He challenges his state court conviction for possession of child pornography in the second degree.  The petitioner has also filed a several motions for injunctive relief.  For the reasons that follow, the petition is dismissed and the motions for injunctive relief are denied.

As a preliminary matter, the court notes that on February 23, 2012, a court clerk docketed a Motion to Amend the Complaint in this action.  (*See* Doc. No. 3.)  It is apparent from the case caption and case number that the petitioner did not intend to file the motion in this case.  The court's docket reflects that on May 13, 2011, the petitioner filed a civil rights action against the Middletown Police Department and Officers Pulvir and Mazzotta, Case No. 3:11cv587 (WWE).  On March 14, 2012, the petitioner filed an identical Motion to Amend Complaint in that action.  Because it is clear that the petitioner did not intend to file a motion for leave to amend the complaint in this habeas petition, the Motion to Amend

Complaint is denied as moot.  The court will review the attachments to the motion to amend, which appear to relate to one of the petitioner's motions for injunctive relief, when it addresses that motion at the end of this ruling.

I.      <u>Procedural Background</u>

On April 24, 2008, Middletown police officers arrested the petitioner on multiple charges including possession of child pornography in the second degree.  On July 28, 2009, in the Connecticut Superior Court for the Judicial District of Middlesex, the petitioner pleaded guilty to one count of possession of child pornography in the second degree in violation of Connecticut General Statutes § 53a–196e(a).   *See State v. Stocking*, 131 Conn. App. 81, 83, 26 A.2d 117, 118-19 (2011).

On November 24, 2009, prior to the petitioner's sentencing hearing, he filed a motion for permission to withdraw his guilty plea.  On December 10, 2009, a judge conducted an evidentiary hearing on the motion to withdraw the guilty plea and issued an oral ruling denying the motion.  *See id.* at 84-85, 26 A.2d at 119-20. On December 22, 2009, a judge sentenced the petitioner to a total effective sentence of ten years of imprisonment, execution suspended after four years and followed by five years of probation. (*See* Pet. Writ Habeas Corpus at 2.)

On appeal, the petitioner argued that the trial court had improperly denied his motion to withdraw his guilty plea.  On August 30, 2011, the Connecticut Appellate Court found no abuse of discretion in the trial court's denial of the motion to withdraw the guilty plea and affirmed the judgment of conviction.  *See Stocking*, 131 Conn. App. at 90, 26 A.2d at 122.  On October 4, 2011, the

Connecticut Supreme Court denied a petition for certification to appeal the decision of the Connecticut Appellate Court.  See *State v. Stocking*, 302 Conn. 940, 28 A.2d 993 (2011).

On March 9, 2010, the petitioner filed a petition for writ of habeas corpus in the Connecticut Superior Court for the Judicial District of Tolland.  On September 2, 2011, the petitioner withdrew the state habeas petition.[1]  See *Stocking v. Warden*, TSR-CV10-4003459-S (Conn. Super. Ct. Sept. 2, 2011).

The petitioner filed the present action on January 11, 2012, the date he presumably handed the habeas petition to prison officials for mailing to the court.  See *Noble v. Kelly, 246 F.3d 93, 97 (2d Cir. 2001)* (holding a *pro se* prisoner habeas petition is deemed filed as of the date the prisoner gives the complaint to prison officials to be forwarded to the court) (citing *Houston v. Lack*, 487 U.S. 266, 270 (1988)).  He asserts two grounds for relief in the petition.

## II. Standard of Review

A prerequisite to habeas corpus relief under 28 U.S.C. § 2254 is the exhaustion of available state remedies.  See *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); 28 U.S.C. § 2254(b)(1)(A).  The exhaustion requirement seeks to promote considerations of comity between the federal and state judicial systems.

---

[1] The court takes judicial notice of documents filed in cases in other courts.  See, e.g., *Shuttlesworth v. City of Birmingham*, 394 U.S. 147, 157 (1969) (acknowledging that court "may properly take judicial notice of the record in [prior] litigation between the same parties"); *Wells v. U.S.*, 318 U.S. 257, 260 (1943) (acknowledging that court may take judicial notice of habeas proceeding brought by same party in other federal courts); *Henson v. CSC Credit Svcs.*, 29 F.3d 280, 284 (7th Cir. 1994) (collecting cases supporting use of public court documents in deciding a motion to dismiss).

*See Cotto v. Hebert*, 331 F.3d 217, 237 (2d Cir.1982).

To satisfy the exhaustion requirement, a petitioner must present the essential factual and legal bases of his federal claim to each appropriate state court, including the highest state court capable of reviewing it, in order to give state courts a full and fair "opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (per curiam) (internal quotation marks and citation omitted). A federal claim has been "fairly present[ed] in each appropriate state court, including a state supreme court with powers of discretionary review," if it "alert[s] that court to the federal nature of the claim." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (internal parentheses and quotation marks omitted). A petitioner "does not fairly present a claim to a state court if that court must read beyond a petition or a brief . . . that does not alert it to the presence of a federal claim in order to find material . . . that does so." *Id.* at 32. Failure to exhaust may be excused only where "there is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient to render futile any effort to obtain relief." *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981) (per curiam).

### III.     Discussion

The petitioner challenges his conviction and sentence on two grounds: (1) he should have been permitted to withdraw his guilty plea because counsel afforded him ineffective assistance and because the trial judge was disqualified from presiding over the hearing on the motion to withdraw and (2) the sentencing judge failed to disclose the presentence investigation report prior to the

sentencing hearing.  It is apparent that part of ground one is exhausted, part of ground one is unexhausted and ground two is unexhausted.

  A.  Ground One

  The petitioner exhausted his state court remedies as to the claim in ground one that the trial court improperly denied his motion to withdraw his guilty plea given that the plea resulted from ineffective assistance of counsel because he raised that claim in the direct appeal of his conviction to the Connecticut Appellate and Supreme Courts.  The petitioner also argues that the denial of his motion to withdraw his guilty plea was improper because the trial judge should have disqualified himself from ruling on such a motion.  The petitioner concedes that he did not raise this claim on direct appeal, but that he did raise it independently to the Connecticut Supreme Court in 2011.  He asserts that he filed a motion with the Connecticut Supreme Court pursuant to Connecticut General Statutes § 51-51j(a) claiming that the trial judge was in violation of Connecticut General Statutes § 51-51i[2] and Connecticut Practice Book, Cannon 2, Rule 2.11(a)(1), when he held an evidentiary hearing and ruled on the motion to withdraw the guilty plea.  The Connecticut Supreme Court allegedly denied the motion or appeal on December 8, 2011.

---

[2] The petitioner alleged that the trial judge had engaged in:

(1) conduct prejudicial to the impartial and effective administration of justice which brings the judicial office in disrepute, (2) wilful violation of section 51-39a or any canon of judicial ethics, (3) wilful and persistent failure to perform the duty of a judge, (4) neglectful or incompetent performance of the duties of a judge.

Conn. Gen. Stat. § 51-51i(a).

Connecticut General Statutes § 51-51j(a), entitled Removal or suspension by supreme court, provides that "[t]he supreme court may remove or suspend any judge . . . for any period upon recommendation of the Judicial Review Council, . . . or on its own motion." This statute does not provide for a private right of action by an individual. Instead, it permits the Connecticut Supreme Court to suspend or remove a judge for a period of time based on a recommendation of the Judicial Review Council or on its own motion. Accordingly, the petitioner's alleged filing of a motion pursuant to this statute does not constitute exhaustion of his available state court remedies as to his claim that the denial of his motion to withdraw his guilty plea was improper because the trial judge should have disqualified himself from ruling on such a motion. Although the petitioner filed a state habeas petition in March 9, 2010, he does not allege that he asserted this claim in that petition. Even if he had included the claim, he withdrew the petition in September 2011. He does not allege that he appealed the withdrawal of the petition to the Connecticut Appellate or Supreme Courts. *See O'Sullivan*, 526 U.S. at 845 ("state prisoners must give the state courts *one full opportunity* to resolve any constitutional issues by invoking one complete round of the State's established appellate review process") (emphasis added). Accordingly, this claim has not been exhausted.

      B.     Ground Two

In ground two of the petition, the petitioner claims that the sentencing judge erred when if failed to provide him with an opportunity to review the pretrial sentence investigation report prior to the sentencing hearing. The petitioner

alleges that he did not raise this ground on direct appeal but did raise it in the same independent motion that he claimed to have filed with the Connecticut Supreme Court in 2011.  As indicated in the previous section, the filing of the motion with the Connecticut Supreme Court pursuant to pursuant to Connecticut General Statutes § 51-51j(a) does not constitute exhaustion of his state court remedies.

Although the petitioner filed a state habeas petition in March 9, 2010, he does not allege that he asserted this claim in that petition.  Even if he had included the claim, he withdrew the petition in September 2011.  He does not allege that he appealed the withdrawal of the petition to the Connecticut Appellate or Supreme Courts.  Accordingly, this claim has not been exhausted.

The Court concludes that this is a mixed petition containing only one partially exhausted claim.  Traditionally, a mixed petition is dismissed without prejudice to refiling another federal habeas corpus action after all claims have been exhausted.  See *Slack v. McDaniel*, 429 U.S. 473, 486 (2000).  In light of the one-year limitations period for filing a federal habeas action, the Second Circuit has directed the district court not to dismiss a mixed petition if an outright dismissal would preclude petitioner from having all of his claims addressed by the federal court.  See *Zarvela v. Artuz*, 254 F.3d 374, 380-83 (2d Cir. 2001) (recommending that the district court stay exhausted claims and dismiss unexhausted claims with direction to timely complete the exhaustion process and return to federal court).

The limitations period commences when the conviction becomes final and

is tolled while a properly filed application for post-conviction relief is pending in state court.  See 28 U.S.C. §2244(d).  The petitioner's convictions became final on January 2, 2012. See  *Williams v. Artuz*, 237 F.3d 147, 151 (2d Cir.), *cert. denied*, 534 U.S. 924 (2001) (conviction becomes final on the date on which the ninety day time period for filing a petition for certiorari with the United States Supreme Court expires).

The present petition was filed on January 11, 2012.  The filing of a federal habeas petition, however, does not toll the running of the one-year limitations period.  Accordingly, approximately, three and one-half months of the one-year limitations period has run since the petitioner's conviction became final.

Because over eight months of the statutory limitations period remain, the petitioner will not be precluded from obtaining federal court review if this petition is denied.  Accordingly, the petition is dismissed without prejudice to re-filing a new petition after the petitioner has fully exhausted his state court remedies as to all grounds in the petition.

D.     Motions for Injunctive Relief

The plaintiff has filed three motions for injunctive relief.  In the first motion, the petitioner seeks an order that the Department of Correction provide him with risk reduction earned credit to reduce his total effective term of imprisonment.  In the second motion, the petitioner seeks to be acquitted of his state criminal charges on the ground that the Superior Court Judge had no authority to sentence him.  In the third motion, the petitioner seeks injunctive relief related to the conditions of his term of probation.

**The petitioner's request with regard to credit to be applied to his sentence is a completely new claim that was not raised in the petition for writ of habeas corpus.  Although the petitioner has filed grievances in his correctional facility, he has not exhausted this claim by filing a state habeas petition.  Furthermore the plaintiff seeks monetary damages which is not available in a habeas petition. Accordingly, the request for injunctive relief related to that claim is denied**

**The petitioner's request that he be acquitted due to the actions of the state court judge at his sentencing is a claim included in the first ground for relief in the present habeas petition.  As the court has determined that the claim is unexhausted, there is no basis for granting a motion for injunctive relief regarding that claim.**

**The petitioner's claim regarding the conditions of the term of this probation has not been asserted in the present habeas petition.  Nor has the petitioner alleged that he exhausted that claim by raising it in a state habeas petition. Accordingly, the request for injunctive relief related to that claim is denied.**

**IV.     Conclusion**

**The Petition for Writ of Habeas Corpus [Doc. No. 1] is DISMISSED without prejudice.  The petitioner may file a new petition after he has fully exhausted all available state court remedies as to all grounds in the petition.[3]   The Motions for**

---

[3] Petitioner is informed that he also has the option of proceeding only as to the exhausted claims for relief.  If so, he must file a motion to reopen seeking to proceed as to the exhausted claims and to withdraw the unexhausted claims.  Petitioner is cautioned, however, that if he proceeds only as to the exhausted claims, with the intention of presenting the unexhausted claims to this court after they have been exhausted, he will run the risk that any such subsequent petition will not be considered by this court because it will be a second or successive petition.   *See* 28 U.S.C. §

Injunctive Relief [Docs. Nos. 2, 5, 6] are DENIED.  The Motion to Amend Complaint [Doc. No. 3] is DENIED as moot.

The court concludes that jurists of reason would not find it debatable that petitioner did not exhaust his state court remedies with regard all grounds in the petition.  Thus, a certificate of appealability will not issue.  *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (holding that, when the district court denies a habeas petition on procedural grounds, a certificate of appealability should issue if jurists of reason would find debatable the correctness of the district court's ruling).  The Clerk is directed to enter judgment and close this case.

SO ORDERED this 20th day of July 2012, at Hartford, Connecticut.

                                                ___/s/_____
                                                VANESSA L. BRYANT
                                                UNITED STATES DISTRICT JUDGE

---

2244(b).